**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Complot,<br><br>        Plaintiff,<br><br>v.<br><br>Absolute Resolution Investments LLC, et al.,<br><br>        Defendants. | No. CV-23-01945-PHX-DWL<br><br>**ORDER** |

On September 18, 2023, Plaintiff, proceeding pro se, filed the complaint against Absolute Resolutions Investments LLC, Johnson Mark LLC, Rhett Flaming-Buschman, Johnathan D. Anderson, Butch Johnson, Wade Price (individually and in his official capacity), Brad Astrowsky (individually and in his official capacity), the State of Arizona, and "any other court officers involed [sic] with case CV2023-005777." (Doc. 1.)

The complaint alleges assorted facts pertaining to two Maricopa County Superior Court cases over which Judge Astrowsky presided. (*Id.*)[1] The allegations are as follows. In the first state court lawsuit, initiated in April 2023, Absolute Resolutions Investments LLC ("ARI") sued Plaintiff for an "alleged debt." (*Id.* ¶ 1.) Plaintiff believed ARI "failed to provide any verifiable admissible evidence," and although Plaintiff "instructed the court to take note of this and discipline [ARI] and its counsel for its abuse of process and moving a fraudulent claim upon the court," Judge Astrowsky did not heed Plaintiff's instructions.

---

[1] The complaint does not specify where these cases were pending but alleges that Defendant Brad Astrowsky was the presiding judge. (Doc. 1 ¶ 3.) The Court takes judicial notice of the fact that Judge Astrowsky sits on the Maricopa County Superior Court bench.

(*Id.* ¶ 2.)

In July 2023, Plaintiff initiated the second of the two state court actions, suing ARI and its counsel. (*Id.* ¶ 3.) As noted, Judge Astrowsky presided over this case as well. (*Id.*) Plaintiff alleges that he admitted into the record in the second action evidence proving that the obligation he allegedly owed in the first action was satisfied. (*Id.*)

In August 2023, Plaintiff filed a motion to dismiss the first action for "lack of standing/jurisdiction." (*Id.* ¶ 4.) ARI opposed the motion and filed a motion for summary judgment in the first action and filed a motion to dismiss the second action. (*Id.* ¶¶ 4-5.) Plaintiff opposed the motion to dismiss the second action and filed a motion for summary judgment in the second action. (*Id.* ¶ 5.)

In September 2023, Judge Astrowsky, who Plaintiff alleges "was/is acting at all times without jurisdiction," denied Plaintiff's motion to dismiss the first action and scheduled a hearing on ARI's summary judgment motion. (*Id.*) Plaintiff appears to allege that ARI's attorneys committed "fraud" by filing the summary judgment motion and that Judge Astrowsky "endorsed" this "known fraud" by setting a hearing on the summary judgment motion "[i]nstead of disciplining the attorneys." (*Id.* ¶ 6.) Plaintiff also asserts that Judge Astrowsky "was instructed to deliver upon [Plaintiff] his oath of office" but has not done so. (*Id.*)

The complaint states that ARI "is liable for the acts of its attorneys and knowingly moving a false claim through the court," that "[t]he attorneys have all knowingly engaged in misconduct," that Judge Astrowsky "acted with negligence," and that the State of Arizona "negligently plac[ed] [Judge Astrowsky] in office." (*Id.* ¶ 7.) The complaint asserts claims for "obstruction of Justice 18 U.S.C. § 1503, due process and fairness violations, misfeasance, malfeasance, negligence, attorney and judge misconduct, abuse of process, 18 U.S.C[.] [§] 242 and a whole host of other violations." (*Id.* ¶ 8.)

For relief, the complaint seeks "disbarment of all the attorneys employed by Johnson Mark LLC," "compensatory damages from [ARI] in the amount of $2,500,000 million dollars [sic] along with punitive damages," "compensation from the State of Arizona in the

amount of $2,000,000 million dollars [sic] for its negligence in placing Brad Astrowsky in office," and "disciplinary action against [Judge Astrowsky] and every officer involved in the case CV20235777." (*Id.* at 4.)

The Court may *sua sponte* dismiss an action for failure to state a claim without notice or an opportunity to respond where the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Such is the case here.

Generally speaking, "[l]itigants may not seek to appeal, or otherwise relitigate, state-court losses in federal district courts." *Reiner v. Graiwer*, 2015 WL 9999191, *3 (C.D. Cal. 2015) (citation omitted). Under the *Rooker-Feldman* doctrine, "a party who loses in the state courts is barred from seeking what, in effect, would be appellate review of the state judgment in a federal district court." *Id.* "If a plaintiff brings a de facto appeal from a state court judgment, *Rooker–Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). However, the *Rooker-Feldman* doctrine "applies only when the federal plaintiff both asserts as [his] injury legal error or errors by the state court *and* seeks as [his] remedy relief from the state court judgment." *Id.* at 1140 (citation omitted). "A plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party." *Id.* at 1140-41.

Here, Plaintiff alleges fraud on the state court. "[N]ot all fraud is fraud on the court. To constitute fraud on the court, the alleged misconduct must harm the integrity of the judicial process." *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999) (cleaned up). The phrase "fraud upon the court" must be "read narrowly, in the interest of preserving the finality of judgments" and should "embrace only that species of fraud which [defiles or attempts to defile] the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Id.* The fraud must not be an issue "already before the court" which was or could have been challenged during that proceeding—rather, it must "deceive[] the court." *Id.* at 1120.

Fraud on the court "is a theory pursuant to which a party may seek relief from a judgment or court order induced on the basis of the opposing party's fraud." *Coultas v. Payne*, 2016 WL 740421, *4 (D. Or. 2016). "[N]o court has found that fraud on the court is an independent legal cause of action for which a plaintiff may recover damages." *Id.* A damages claim for fraud on the court "fails as a matter of law because a court cannot award damages to remedy fraud on the court." *Id.*

Here, Plaintiff seeks damages from ARI for fraud on the court, and therefore the claim against ARI fails as a matter of law.

As for the attorneys employed by Johnson Mark LLC and Judge Astrowsky, Plaintiff seeks sanctions—disbarment of the attorneys and "discipline" of Judge Astrowsky. But federal courts do not discipline state judges or state judicial officers. *Zinman v. Superior Ct. of California*, 2022 WL 4485169, *2 (C.D. Cal. 2022) (collecting cases).[2] And although "district courts have the authority to supervise and discipline the conduct of attorneys who appear before them," *In re Kramer*, 193 F.3d 1131, 1132 (9th Cir. 1999), "[t]he two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers," *Theard v. United States*, 354 U.S. 278, 281 (1957), such that this Court is not in a position to disbar all the attorneys employed by Johnson Mark LLC from practicing law in the state of Arizona. Nor do the facts alleged persuade the Court that disbarment (or any other form of discipline) from the District of Arizona based on certain attorneys' conduct in the state court cases at issue is appropriate. Indeed, the facts alleged in the complaint do not establish any malfeasance on the part of any Defendant to this action.

As for Plaintiff's claim against the State of Arizona for "negligence in placing

---

[2] If the complaint sought damages from Judge Astrowsky, which it does not, he would be afforded judicial immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."). The contention that Judge Astrowsky acted without jurisdiction is meritless. Although an action against a judge for injunctive relief can be maintained, "as a matter of comity and federalism," federal courts must exercise "restraint" when called upon "to enjoin the actions of state judicial officers." *Pulliam v. Allen*, 466 U.S. 522, 539 (1984). At any rate, Plaintiff does not seek damages or injunctive relief here.

[Judge Astrowsky] in office," this claim fails for various reasons. A judge is immune from a suit for damages for acts performed in his official capacity, *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986), and therefore the State cannot be vicariously liable. *Seawright v. Arizona*, 2013 WL 4758227, *18 (D. Ariz. 2013). Furthermore, "[t]he Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (internal quotation marks omitted).

A district court may dismiss a complaint without leave to amend if "amendment would be futile." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014). This is true even if a litigant is pro se—if the complaint cannot be "cured by the allegation of other facts," there is no entitlement to an opportunity to amend. *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017) (concluding that complaint could not be amended to state a cognizable claim and dismissing with prejudice). Here, the allegation of other facts could not save this complaint. In short, although the complaint speaks of fraud, the allegations clearly establish that the so-called "fraud" consisted of attorneys filing and prosecuting a civil action where Plaintiff believed he had evidence sufficient to mount a successful defense. This is common in civil litigation and does not give rise to any cause of action.[3] Although it is clear from the tenor of the complaint that Plaintiff feels frustrated by having to defend himself in a state court action he believed to be meritless, litigation is seldom a pleasant or welcome endeavor for defendants. Plaintiff's displeasure regarding his experience as a defendant in a state civil proceeding does not provide grounds for him to sue, in federal court, his opponent, opposing counsel, the presiding judge, and the State of Arizona.

Accordingly,

**IT IS ORDERED** that the complaint (Doc. 1) is **dismissed** without leave to amend.

---

[3] Plaintiff cites 18 U.S.C. § 1503 and 18 U.S.C. § 242, both of which appear generally inapplicable and are, at any rate, criminal statutes that do not provide a civil cause of action.

1  The Clerk of Court shall terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that the motion for alternative service (Doc. 8) and stipulation for extension of time to answer complaint (Doc.9) are **denied as moot**.

Dated this 12th day of October, 2023.

_____
Dominic W. Lanza
United States District Judge